OPINION
Defendant-Appellant Gary W. Winterbotham was indicted and charged with theft in violation of R.C. 2913.02(A) (2), which is a felony of the fourth degree. He filed a motion for Treatment in Lieu of Conviction ("TLC"), which was denied in open court and journalized by the trial court on the basis that he was statutorily ineligible. Following denial of this motion, the trial court accepted Winterbotham's no contest plea, found him guilty, and sentenced him to community control sanctions. Winterbotham appeals the decision of the trial court denying his motion for TLC.
Appointed counsel for Winterbotham filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 744 claiming there are no appealable issues and requesting to withdraw as counsel. Winterbotham was allowed sixty days to file his own brief to raise any assignments of error, but no brief was filed. Counsel raised one potential issue in his brief in accordance with the requirements of Anders, supra:
Denial of Defendant's Motion for Treatment in Lieu of Conviction.
In his brief, counsel explained that Appellant's motion for TLC was denied because he did not meet all of the criteria listed in R.C. 2951.041 to make him eligible for TLC. Specifically, counsel stated that he was a "repeat offender" as defined by R.C.2935.36. However, repeat offender is statutorily defined here as:
 [A] person who has a history of persistent criminal activity and whose character and condition reveal a substantial risk that the person will commit another offense. It is prima-facie evidence that a person is a repeat offender if any of the following applies:
 (c) Having been convicted of one or more theft offenses as defined in section 2913.01 of the Revised Code and having been imprisoned pursuant to sentence for one or more of those theft offenses, the person commits a subsequent theft offense;
R.C. 2935.36(E) (1). Although Appellant did have a prior conviction for receiving stolen property, he was not imprisoned for that offense, as contemplated by the statute. Further, the probation department found in their TLC report that Appellant in fact was not a repeat offender as defined by the statute. Instead, the probation department found that Appellant was statutorily ineligible for TLC for a different reason.
R.C. 2951.041(A) requires a court to accept a motion for TLC "[i]f the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person." In the present case, Appellant does not at any point allege that he has a problem or potential problem with drugs. In fact, the TLC report found no drugs in his system, and no history of drug use. Instead, Appellant argues he should be entitled to TLC due to his gambling addiction. The probation department, and presumably the trial court, found this as the reason Appellant was statutorily ineligible for TLC.
The statute clearly provides TLC as an option only for those offenders who potentially are drug dependent. Gambling is not mentioned specifically in the statute, nor is there any room for expanding the statute to include any other type of addiction. One other court faced with this issue found that gambling addiction should not be treated the same as drug addiction for purposes of TLC, and the issue would be better addressed by the legislature.State v. Malesky (Aug. 27, 1992), Cuyahoga App. No. 61290, unreported, at p. 4. We agree.
We have performed our duty under Anders v. California to review the record for possible error. Although for different reasons than stated by appellate counsel, we have found no claims of error having arguable merit. Accordingly, the judgment of the trial court is Affirmed.
WOLFF, J., and YOUNG, J., concur.